Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Curtis Dane Sanders,<br><br>      Plaintiff,<br>  v.<br><br>Michelle Hunter,<br><br>      Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Curtis Dane Sanders ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Michelle Hunter ("Defendant"), for unlawfully discriminating against Plaintiff because of his disability at the commercial property located at 1855 Main Street in Susanville, California ("Property") where a Farmers Insurance office is located ("Farmers Office").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and seeks relief under related California statutes.

## PARTIES

3. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled. Plaintiff is a resident of California. Plaintiff's home is less than a mile from the Property.

4. Defendant is a natural person. Defendant owns and operates both the Property as well as the Farmers Office.

## JURISDICTION

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff is an adult resident of Susanville, California.

9. Plaintiff is disabled.

10. Plaintiff suffers from, among other things, multilevel degenerative disc disease with herniations and neuroforaminal encroachment at two levels, along with anterolisthesis.

11. Plaintiff's condition substantially limits major life activities.

12. Plaintiff's condition severely limits Plaintiff's mobility and requires Plaintiff to use a wheelchair and walker to ambulate or access facilities.

13. In September of 2022, Plaintiff personally visited the Property. At that time, Plaintiff was (and still is) in the market for insurance.

14. Plaintiff had a claim with his prior insurance carrier that did not go well, so Plaintiff wanted to shop around for better coverage.

15. Plaintiff was attracted to the Farmers Office because it offered the opportunity to meet with a knowledgeable local agent close to where Plaintiff lives.

16. Upon arriving at the Property, Plaintiff quickly realized that he would not be able to access the Farmers Office.

17. Both entrances to the office required Plaintiff to navigate stairs, which he would not be

1. able to do in his wheelchair or walker.

18. A business should offer methods of entry other than stairs to accommodate individuals with disabilities, as well as those who have difficulty using stairs. This includes people who use wheelchairs or have mobility issues. Providing alternative methods of entry, such as ramps, can improve accessibility and create a more inclusive environment for all customers.

19. Plaintiff also noticed that the Property completely lacked any designated accessible parking spaces.

20. A business should have designated accessible parking spaces to provide individuals with disabilities easier access to the building. Accessible parking spaces are typically located closer to the building entrance and have wider spaces and adjacent access aisles to accommodate individuals who use wheelchairs, mobility scooters, or other mobility devices. Providing designated accessible parking spaces ensures that individuals with disabilities have equal access to the business and its services.

21. Plaintiff attempted to get the attention of anyone inside of the Farmers Office by waiving from the outside entrances, but nobody saw Plaintiff.

22. Deterred and frustrated, Plaintiff left, unable to meet with anyone regarding insurance.

23. Plaintiff is hesitant to visit the Property again until such time that Defendant brings the Property and the Famers Office into compliance with the ADA.

24. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Defendant's Property and the Farmers Office.

### Failure to Remove Architectural Barriers at an Existing Property

27. Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

28. For those barriers where it is not reasonably achievable to remove them, if any, Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

29. The improvements on the Property where the Farmers Office is located are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

30. Defendant violated the ADA by failing to design and construct the facilities on the Property and at the Farmers Office in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

31. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

32. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

33. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff.

34. The configuration and condition of Defendant's Property denied Plaintiff a public accommodation due to Plaintiff's disability.

35. It is readily achievable for Defendant to remove the architectural barriers.

36. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Property and the Farmers Office.

37. Defendant's violations are the cause of suffering for Plaintiff.

38. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

39. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

40. As described above, Defendant intentionally discriminated against Plaintiff during his visit to the Property and the Farmers Office.

41. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

42. Defendants' acts and omissions are in violation of the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

43. Plaintiff was harmed.

44. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

45. As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease the discrimination against disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: February 7, 2023  Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff