1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    CURTIS DANE SANDERS,                    No.  2:23-CV-0293-TLN-DMC

12              Plaintiff,

13         v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14    MICHELLE HUNTER,

15              Defendant.

16

17              Plaintiff, who is proceeding pro se, brings this civil action pursuant to the

18    Americans with Disabilities Act and Unruh Act.  <u>See</u> ECF No. 1. Pending before the Court is

19    Defendant's motion for summary judgment. <u>See</u> ECF No. 11. Plaintiff did not file an opposition

20    and the matter was submitted on the papers without oral argument.

21              The Federal Rules of Civil Procedure provide for summary judgment or summary

22    adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file,

23    together with affidavits, if any, show that there is no genuine issue as to any material fact and that

24    the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The

25    standard for summary judgment and summary adjudication is the same.  <u>See</u> Fed. R. Civ. P.

26    56(a), 56(c); <u>see also</u> <u>Mora v. ChemTronics</u>, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).  One of

27    the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  <u>See</u>

28    <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the

                                         1

1    moving party

2         . . . always bears the initial responsibility of informing the district court of
         the basis for its motion, and identifying those portions of "the pleadings,
3         depositions, answers to interrogatories, and admissions on file, together
         with the affidavits, if any," which it believes demonstrate the absence of a
4         genuine issue of material fact.

5         Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

6         If the moving party meets its initial responsibility, the burden then shifts to the

7    opposing party to establish that a genuine issue as to any material fact actually does exist.  See

8    Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

9    establish the existence of this factual dispute, the opposing party may not rely upon the

10   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

11   form of affidavits, and/or admissible discovery material, in support of its contention that the

12   dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The

13   opposing party must demonstrate that the fact in contention is material, i.e., a fact that might

14   affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S.

15   242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th

16   Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

17   return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436

18   (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than

19   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

20   taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

21   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the

22   claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions

23   of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

24        In resolving the summary judgment motion, the court examines the pleadings,

25   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.

26   See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,

27   477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the

28   court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.

1    Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

2    produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

3    Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

4    1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the

5    judge, not whether there is literally no evidence, but whether there is any upon which a jury could

6    properly proceed to find a verdict for the party producing it, upon whom the onus of proof is

7    imposed." Anderson, 477 U.S. at 251.

8

9                                    **I. BACKGROUND**

10         A.    **Plaintiff's Allegations**

11              This action proceeds on Plaintiff's original complaint. See ECF No. 1. Plaintiff

12    names Michelle Hunter as the sole defendant.  See ECF No. 1.  Defendant is alleged to have been

13    the owner and operator of the property and Farmers Insurance office at issue. See id. at 1-2.

14    Plaintiff asserts that he is disabled and "suffers from, among other things, multilevel degenerative

15    disc disease with herniations and neuroforaminal encroachment at two levels, along with

16    anterolisthesis." Id. at 2.  Plaintiff states that his conditions "severely limit[] Plaintiff's mobility

17    and require[] Plaintiff to use a wheelchair and walker to ambulate or access facilities." Id.

18    According to Plaintiff, he attempted to visit the Farmers Insurance office in September 2022

19    because he was looking to purchase insurance. Id.  Plaintiff alleges that when he visited the

20    Farmers Office, he was unable to enter because the entrance had stairs, "which he would not be

21    able to [use with] his wheelchair or walker." Id. at 2-3. Plaintiff claims there were no accessible

22    parking spaces on the property and no "alternative methods of entry, such as ramps." Id. at 3.

23              Plaintiff claims he then "attempted to get the attention of anyone inside of the

24    Farmers Office by waiving from the outside entrances, but nobody saw Plaintiff." Id. According

25    to Plaintiff, he therefore left the building and was unable to get insurance, which Plaintiff alleges

26    was a "violation[] of his civil rights to full and equal enjoyment of goods, services, facilities and

27    privileges, and has suffered and will suffer embarrassment and humiliation." Id. Based on the

28    alleged lack of accessible entry to the building, Plaintiff believes that Defendant violated Title III

3

of the Americans with Disabilities Act of 1990 (ADA). Id. at 3-5. Plaintiff further alleges a violation of California's Unruh Act, which provides an additional cause of action for violations of the ADA. Id. at 5. Based on these allegations, Plaintiff seeks injunctive relief, requiring Defendant to "remove all accessibility barriers," damages under the Unruh Act amounting to $25,000.00, and attorney's fees.

### B.    Procedural History

Plaintiff filed the operative complaint on February 16, 2023. See ECF No. 1. Defendant filed an answer on March 28, 2023. See ECF No. 6. Defendant then served Plaintiff with requests for admissions on April 11, 2024, with a response deadline of May 14, 2024. See ECF No. 11, pg. 2. Plaintiff did not respond or seek an extension of the deadline. See id.  On October 8, 2024, Defendant filed a motion for summary judgment largely based on matters deemed admitted by Plaintiff's failure to respond to requests for admissions. See ECF No. 11.

### II. THE PARTIES' EVIDENCE

Defendant's motion is supported by a Statement of Undisputed Facts, see ECF No. 11-2, pgs. 1-4, and attached exhibits, see ECF No. 11-3, pgs. 3-19.  The following facts are alleged to be deemed admitted based on Plaintiff's failure to respond requests for admissions:

1.    Defendant served Requests for Admission (RFA) to Plaintiff on April 11, 2024. (Declaration of Mark D. Szyntar (Decl. of M. Szyntar), ¶ 3, attached to the Table of Evidence (TOE) as Exhibit A; RFA, TOE, Exh,B.)

2.    Plaintiff's responses to the RFAs were due by May 14, 2024. (Decl. of M. Szyntar, ¶ 4, TOE, Exh. A.)

3.    Plaintiff has failed to serve any response to the RFAs. (Decl. of M. Szyntar, ¶ 6, TOE, Exh. A.)

4.    Plaintiff never sought an extension of his deadline to respond to the RFAs. (Decl. of M. Szyntar, ¶ 7, TOE, Exh. A.)

5.    Plaintiff did not file any motion seeking relief from having RFAs deemed admitted as a result of his failure to respond. (Decl. of M. Szyntar, ¶ 8, TOE, Exh. A.)

/ / /

/ / /

4

6.      Plaintiff was informed that the failure to timely respond to the RFAs would result in an automatic admission of the matters requested and no motion to establish the admissions would be needed because Federal Rule of Civil Procedure Rule 36(a) is self-executing. (Decl. of M. Szyntar, ¶ 5, TOE, Exh. A.)

7.      Plaintiff did not seek any relief regarding his failure to respond to the RFAs. (Decl. of M. Szyntar, ¶ 8, TOE, Exh. A.)

8.      Defendant is not liable to Plaintiff for any discrimination under the ADA. (TOE, Exh, B at RFA No. 92.)

9.      Defendant is not liable to Plaintiff for any discrimination under the California Unruh Act. (TOE, Exh. B at RFA No. 93.)

10.     Plaintiff has no facts to support his claim that Defendant violated the California Unruh Act (TOE, Exh. B at RFA No. 29.)

11.     Plaintiff has no facts to support his claim that Defendant violated the ADA. (TOE, Exh. B at RFA No's.19-24.)

ECF No. 11-2, pgs. 1-2.

Defendant's Statement of Undisputed Facts is supported by the following exhibits:

Exh. A          Exhibit A –Declaration of Mark D. Szyntar in Support of Motion for Summary Judgment.

Exh. B          Exhibit B –Defendant's Requests for Admission, Set One, to Plaintiff Curtis Dane Sanders.

Plaintiff did not include any evidence attached to the original complaint or file any evidence in opposition to Defendant's motion for summary judgment.

## III. DISCUSSION

In her motion for summary judgment, Defendant argues: (1) Plaintiff did not provide any evidence to support his claims; (2) Plaintiff cannot prove the causes of action; and (3) "Plaintiff has abandoned this case." ECF No. 11-1, pg. 2. According to Defendant:

. . .Plaintiff has admitted Defendant's 93 RFAs. For purposes of brevity, Plaintiff admitted that Defendant did not violate the ADA or Unruh Act or otherwise impermissibly discriminate against Plaintiff. SUMF No's. 8-9. Plaintiff also admitted that he has no facts to support his claims that Defendant violated the ADA and Unruh Act. SUMF No's. 10-11. These admissions alone are sufficient and fully dispositive of Plaintiff's claims for discrimination under the ADA and Unruh Act.

Id. at 7.

5

1    The Court agrees and begins the analysis with Plaintiff's failure to respond to

2 Defendant's requests for admissions.  The Federal Rules of Civil Procedure permit parties to serve

3 requests for admission "for purposes of the pending action only . . . relating to . . . fact, the

4 application of law to fact or opinions about either." Fed. Rule Civ. P. 36(a). The rule directs the

5 part served to respond within 30 days of being served requests for admission. <u>See</u> Fed. Rule Civ.

6 P. 36(a)(2). If the party does not respond, the matters are considered admitted and "conclusively

7 established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.

8 R. Civ. P. 36(a)(3), 36(b).

9    Defendant contends that, based on facts deemed admitted, Plaintiff cannot prevail

10 under either the ADA or Unruh Act on his claims that he was denied full and equal enjoyment

11 and use of the goods, services, facilities, privileges, and accommodations of the Defendant's

12 property.

13    The ADA prohibits discrimination by public accommodations, ensuring that

14    no individual shall be discriminated against on the basis of disability in the
15    full and equal enjoyment of the goods, services, facilities, privileges,
    advantages, or accommodations of any place of public accommodation by
16    any person who owns, leases (or leases to), or operates a place of public
    accommodation.

17    42 U.S.C. § 12182(a).

18 Under the ADA, discrimination includes "a failure to remove architectural barriers . . . in existing

19 facilities . . . where such removal is readily achievable. 42 U.S.C. §12182 (b)(2)(A)(iv). However,

20    a place of public accommodation need not make a reasonable modification
21    unless it is necessary to provide an individual with a disability full and
    equal enjoyment of its goods, services, facilities, privileges, advantages, or
22    accommodations.

23    <u>Murphy v. Bowl</u>, 150 F. App'x 661, 663 (9th Cir. 2005) (citing 42 U.S.C.
    § 12182(a), (b)(2)(A)(ii)).

24    Based on Plaintiff's failure to respond to Defendant's requests for admissions, as

25 well as Plaintiff's failure to file any opposition to Defendants' motion for summary judgment, the

26 Court finds that the following facts are not in dispute: Plaintiff never visited the Farmers Office;

27 Plaintiff never sought to purchase insurance services from the Farmers Office; Plaintiff was never

28 discriminated against by Defendant; Plaintiff has no facts to support the claim that he was denied

full and equal enjoyment and use of the goods of Defendant's Farmers Office; and Defendant did not violate the ADA. These undisputed facts satisfy Defendant's burden on summary judgment of identifying the non-existence of any genuine issue of material fact. As indicated above, Plaintiff has not filed any opposition and did not respond to Defendant's requests for admissions. Therefore, Plaintiff has not met his burden of establishing by admissible evidence the existence of a genuine issue of material fact. The Court finds that Defendant is entitled to summary judgment in her favor on Plaintiff's ADA claim.

The California Unruh Act provides an additional cause of action for any violation of the ADA. See Cal. Civ. Code §51(f). Therefore, for the same reasons discussed above, the Court also finds that Defendant is entitled to summary judgment in her favor on Plaintiff's Unruh Act claim.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's unopposed motion for summary judgment, ECF No. 11, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE